**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brigido Cruz, | No. CV-23-01677-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Cuper Electric LLC, et al., | |
| Defendants. | |

Plaintiff has filed a Motion for Default Judgment against Defendants (Doc. 12). Defendants have not filed a response, but instead filed a "Motion to Vacate," which the Court construes as a Motion to Vacate Entry of Default (Doc. 13). For the following reasons, the Court will grant Defendants' Motion to Vacate (Doc. 13), set aside the entry of default against Defendants (Doc. 11), and deny the Motion for Default Judgment (Doc. 12) as moot.

**BACKGROUND**

Plaintiff filed this action for the recovery of unpaid wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") on August 17, 2023. (Doc. 1, "Compl."). Defendants are an electrician company and two individuals alleged to be owners and managers thereof. *Id.* at ¶¶ 9-11. Plaintiff asserts Defendants did not pay him any wages during the final eight weeks of his employment with Defendants as an electrician. *Id.* at ¶¶ 33-37. Defendant Cuper Electric LLC was served on August 22, 2023, (Doc. 7) and Defendants Cupertino

Montejo Silvestre and Dawn Jones (identified in the Complaint as "Jane Doe Silvestre") were served on October 11, 2023 (Docs. 8 and 9). Defendants did not file an answer or otherwise participate in the action and default was entered against Defendants pursuant to Fed. R. Civ. P. 55(a) on November 7, 2023. (Doc. 11). On November 8, 2023, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 12, "Mot.").

Defendants then filed a "Motion to Vacate" on November 16, 2023 seemingly seeking to set aside their default, stating they were not "aware [they] needed to respond by a certain date" and "asking for more time." (Doc. 13).

## MOTION TO VACATE ENTRY OF DEFAULT

Defendants move to vacate the entry of default against them. (Doc. 13). Plaintiff responds arguing Defendants fail to meet their burden to show good cause for setting aside an entry of default. (Doc. 14).

A court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The Ninth Circuit's "good cause" standard for vacating an entry of default under Rule 55(c) considers three factors: (1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default would prejudice the non-defaulting party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010). Default judgment "is a drastic step appropriate only in extreme circumstances," and the "rules for determining when a default should be set aside are solicitous toward movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Id.* at 1989.

### A. Culpable Conduct

In assessing whether defendant's conduct leading to default was culpable, courts look to whether the failure to answer was in bad faith. *Id.* at 1092. A defendant's conduct if culpable if the defendant "has received actual or constructive notice of the filing and *intentionally* failed to answer" in order to "take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* A failure to

respond is never assumed to be intentional unless "the moving party is a legally sophisticated entity or individual." *Id.* at 1093. Merely failing to respond is not sufficient to establish culpable conduct.

In the Motion to Vacate (Doc. 13), Defendants explain they were not aware they "needed to respond by a certain date." Plaintiff argues Defendants were properly served and on notice that a lawsuit had been filed against them with a response due within 21 days. Doc. 14 at 3. Plaintiff further alleges Plaintiff's counsel spoke with Defendant Silvestre on several occasions about the lawsuit, the applicable 21-day deadline to answer the complaint, and that Plaintiff would seek default judgment if Defendants did not timely respond. *Id.*

Defendants' conduct was not culpable. Defendants are not lawyers and were not represented by counsel at the time of the default, meaning Defendants are not "legally sophisticated" for the purposes of this analysis. There is no showing of any bad faith related to Defendants' failure to respond or that the circumstances of this case are sufficiently extreme to justify default judgment. Plaintiff argues only that Defendants knew of the deadline to answer and chose not to. This is not sufficient to establish culpable conduct.

### B. Meritorious Defenses

To justify vacating an entry of default based on a meritorious defense, a defendant must present the Court "with specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. Defendants' Motion only offers that they were not aware they needed to respond by a certain date. (Doc. 13). This is not a cognizable defense. Since Defendants did not offer specific facts related to any other potential defenses, this factor will not serve as a basis for setting aside the entry of default.

### C. Prejudice

To be considered prejudicial, vacating a default "must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1096. Here, Plaintiff does not argue that granting Defendants' Motion to Vacate (Doc. 13) would be prejudicial or result

in any harm to Plaintiff's ability to pursue his claim. There is no indication that allowing Defendants to participate in this action will result in anything more than a simple delay. Thus, Plaintiff will not be prejudiced by setting aside the entry of default.

### D. Conclusion

The Court finds that two of the three "good cause" factors under Rule 55(c) are met. Since Defendants did not engage in culpable conduct and Plaintiff will not be prejudiced by setting aside the default, the Court will grant Defendants' Motion.

### DEFAULT JUDGMENT

Since the Court will set aside the entry of default against Defendants, Plaintiff's Motion for Default Judgment is now moot and will be denied.

\*   \*   \*

Accordingly,

**IT IS ORDERED** Defendants' Motion to Vacate Entry of Default (Doc. 13) is **GRANTED**. The Clerk of Court shall set aside the default entered at Doc. 11 as to all Defendants.

**IT IS FURTHER ORDERED** Defendants shall answer or otherwise respond to the complaint by **January 5, 2024**. If Defendants do not wish to retain counsel in this action, they may reference the United States District Court for the District of Arizona's website for information on proceeding without an attorney: https://www.azd.uscourts.gov/proceeding-without-attorney-0. This guide also contains information regarding free clinics where Defendants may be able to obtain advice.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Default Judgment (Doc. 12) is **DENIED** as moot.

Dated this 13th day of December, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge