**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brigido Cruz,<br><br>    Plaintiff,<br><br>v.<br><br>Cuper Electric LLC, et al.,<br><br>    Defendants. | No. CV-23-01677-PHX-ROS<br><br>**ORDER** |

Plaintiff has filed a Motion for Default Judgment against Defendant Cuper Electric LLC and two individual defendants, Cupertino Montejo Silvestre and Dawn Jones (identified in the Complaint as "Jane Doe Silvestre"), a married couple (hereafter "Individual Defendants"). (Doc. 27). Defendants did not file a response. For the reasons that follow, the Court will grant the Motion and direct entry of default judgment against Defendant Cuper Electric LLC in the amount of $15,246 and against Defendants Cuper Electric LLC and Individual Defendants, jointly and severally, in the amount of $11,634.

## BACKGROUND

Plaintiff filed this action for the recovery of unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") on August 17, 2023. (Doc. 1, "Compl."). Defendant Cuper Electric LLC provides electrician services, and Individual Defendants are alleged to be owners and managers of the company. *Id.* at ¶¶ 9-11. Plaintiff worked as an electrician for Defendants. *Id.* at ¶ 31. He asserts Defendants did not pay

him any wages during the final eight weeks of his employment from around November 2022 to around May 2023. *Id.* at ¶¶ 29-30, 34, 37. Defendant Cuper Electric LLC was served on August 21, 2023, (Doc. 7) and Individual Defendants were served on October 11, 2023 (Docs. 8 and 9). Defendants did not file an answer or otherwise participate in the action and default was entered against all Defendants pursuant to Fed. R. Civ. P. 55(a) on November 7, 2023. (Doc. 11). On November 8, 2023, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 12).

Defendant Silvestre, on behalf of all Defendants, filed a "Motion to Vacate" pro se on November 16, 2023 seemingly seeking to set aside the default, arguing they were not "aware [they] needed to respond by a certain date" and "asking for more time." (Doc. 13). On December 14, 2024, the Court granted that motion and set aside the default. (Doc. 15).[1] Defendant Silvestre, on behalf of all Defendants, filed an answer pro se on January 9, 2024. (Doc. 17). The Court cautioned Defendant Cuper Electric LLC that it must be represented by licensed counsel to proceed and ordered that it answer the complaint by January 31, 2024. (Doc. 18).

Defendant Cuper Electric LLC failed to respond, and on February 8, 2024, Plaintiff applied for entry of default against Defendant Cuper Electric LLC. (Doc. 19). The Clerk entered default against Defendant Cuper Electric LLC on February 9, 2024. (Doc. 21). The Court set a Case Management Conference for March 12, 2024, and required the parties to meet and confer to prepare a Joint Case Management Report. (Doc. 20). Because Individual Defendants declined to participate in conferring and preparing the Joint Case Management Report, Plaintiff filed his separate Case Management Report on March 4, 2024. (Doc. 22). On March 6, 2024, the Court ordered Individual Defendants to notify the Court whether they intended to participate in the case. (Doc. 23). Additionally, all parties were ordered to file an amended Joint Case Management Report no later than April 1, 2024. (Doc. 23).

---

[1] Even though companies may not proceed pro se, the Court gratuitously granted the defendants' motion. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

Individual Defendants failed to file the required statement to participate in the case and again failed to participate in the Joint Case Management Report. On April 5, 2024, the Court directed the Clerk to enter default against Individual Defendants. (Doc. 25). On May 2, 2024, Plaintiff filed a motion for default judgment as to all Defendants pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 27, "Mot."). Defendants failed to timely file a motion to set aside the default.

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th. Cir. 1999). Because Plaintiff's Complaint invokes a federal cause of action under the FLSA, the Court has subject matter jurisdiction over Count One. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Arizona state law claims, Counts Two and Three, because they are "part of the same case or controversy" as Plaintiff's federal law claim. 28 U.S.C. § 1367(a). The Court also has personal jurisdiction over Defendants. Plaintiff's claims arise from Defendants' business activities in Arizona and their alleged failure to comply with federal and state employment laws during those activities. Compl. at ¶¶ 7–64; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, the Court may enter default judgment under Rule 55(b). Deciding to grant default judgment is discretionary and courts routinely consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). These factors were applied in a case where a defendant answered and actively intended to defend against the claims. Thus, many of these factors do not provide meaningful guidance in situations like this case where Defendants failed to comply with an order requiring them to

assert their intention to participate in the case. *See Ausseresses v. Pride Security LLC*, No. 23-cv-02662, Doc. 14 at 2 (D. Ariz. May 15, 2024). The Court will analyze only the relevant *Eitel* factors.

## I. Factors (2) and (3): Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, require courts to consider whether a plaintiff has stated a claim on which relief may be granted. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Here, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring a minimum wage claim under the FLSA, a plaintiff must allege plaintiff was not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 206. Coverage is available under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). A defendant is subject to liability under the FLSA when defendant "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). To bring a claim under the AMWA, a plaintiff must allege plaintiff was not paid the applicable minimum wage for hours worked. A.R.S. § 23-363(A). To bring a claim under the AWA, a plaintiff must allege the Defendant failed to pay wages due to the plaintiff. A.R.S. § 23-355.

Plaintiff has alleged from around November 2022 to around May 2023, he worked approximately 40 hours per week for Defendants at an hourly rate of $32. Compl. at ¶¶ 29-30, 32-33. He alleges Defendants did not pay any wages to him "for work he performed in his final approximately eight workweeks," totaling approximately 280 unpaid hours. *Id.*

at ¶¶ 34-35.  Plaintiff also alleges Defendants were "an enterprise engaged in commerce that had annual gross sales of at least $500,000." *Id.* at ¶ 23.  And he was an employee of Defendants and Defendants were his employer as defined by A.R.S. § 23-362.  *Id.* at ¶¶ 20-21.

Because Plaintiff's well-pled factual allegations are taken as true, Plaintiff stated a plausible claim for relief against Defendants under the FLSA, AMWA, and the AWA.  These factors support entering default judgment.

### II. Factor (4): Amount in Controversy

This factor requires the court to consider the amount of damages at stake in relation to the seriousness of Defendant's conduct.  *PepsiCo*, 238 F. Supp. 2d at 1176.  Plaintiff seeks $26,880 in trebled unpaid wages and liquidated damages.  Mot. at 10.  This is reasonable and proportional to Defendants' failure to pay applicable minimum and overtime wages under federal and state law.  This factor supports entering default judgment.

### III.    Factor (5): Dispute Over Material Facts

No genuine dispute of material facts prevents granting Plaintiff's motion given the sufficiency of Plaintiff's complaint and Defendants' failure to participate in the case as ordered.  *See PepsiCo*, 238 F. Supp. 2d at 1177.  This factor supports entering default judgment.

### IV. Factor (6): Excusable Neglect

There is no evidence suggesting Defendants' failure to respond is due to excusable neglect.  Plaintiff executed proper service against all Defendants in this action (Docs. 7-9).  The Court excused Defendants' original failure to answer and set aside the entry of default.  (Doc. 15).  However, Defendants, without excuse, failed to participate in drafting a Joint Case Management Plan or participate otherwise in the case as required by Court order.  (Doc. 23).  This factor supports entering default judgment.

### V. Conclusion

All the relevant *Eitel* factors support entering default judgment.  This Court will

grant Plaintiff Cruz's motion and enter default judgment.

## DAMAGES

Under the FLSA, an employer is liable for "unpaid minimum wages" and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. And under the AWA, an employer is "required to pay the employee the balance of the wages" owed, with interest, "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. During Plaintiff's employment from November 2022 to May 2023, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $13.85 per hour, A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[2]

Plaintiff submitted a declaration that he was a full-time employee of Defendants at an hourly rate of $32. (Doc. 27-1 at ¶ 6). Plaintiff states he was not paid any wages whatsoever for his final eight weeks as Defendants' employee, totaling approximately 280 hours worked. (*Id.* at ¶ 8-9; *see also* Compl. at ¶ 34-35). Thus, Plaintiff's minimum wage damages under each applicable statute would be: $2,030 (280 hours * $7.25) in unpaid federal minimum wages under the FLSA, plus liquidated damages for a total of $4,060; $3,878 (280 hours * $13.25) in unpaid Arizona minimum wages under the AMWA, plus statutory trebling of damages for a total of $11,634; and $8,960 (280 hours * $32) in unpaid wages under the AWA, plus statutory trebling of damages for a total of $26,880. Plaintiff does not seek stacking these damages, contending the smaller awards are "engulfed" by the larger award and seeks only $26,880 in total unpaid wage damages. (Mot. at 10).

While only Defendant Cuper Electric LLC is liable for damages under the AWA, Plaintiff asserts all Defendants are jointly and severally liable for the unpaid minimum wage damages under the AMWA and FLSA equal to $11,634.

Since the damages sought by Plaintiff are determined by statute and Plaintiff's affidavit is sufficiently detailed to permit the required statutory calculations, the Court will

---

[2] https://www.azica.gov/labor-minimum-wage-main-page (last accessed Aug. 28, 2024).

grant Plaintiff's requested damages of $26,880, including a joint and several award against all Defendants on the FLSA and AMWA claims in the amount of $11,634, and against Defendant Cuper Electric LLC only on the difference between the larger AWA award and the AMWA award, or $15,246 ($26,880 - $11,634). The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 27) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Cuper Electric LLC and Cupertino Silvestre and Dawn Jones (a married couple), jointly and severally, in the amount of $11,634 in damages and liquidated damages under the FLSA and AMWA. The Clerk of Court is also directed to enter judgment in favor of Plaintiff and against Defendant Cuper Electric LLC in the amount of $15,246 in damages and liquidated damages under the AWA. These amounts shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2 within 14 days of the entry of judgment.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 28th day of August, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge