**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brigido Cruz,<br><br>    Plaintiff,<br><br>v.<br><br>Cuper Electric LLC, et al.,<br><br>    Defendants. | No. CV-23-01677-PHX-ROS<br><br>**ORDER** |

  Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs ("Motion") (Doc. 32) seeking $19,414.25 in fees and costs.

## BACKGROUND

  Plaintiff filed this suit for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1). Defendants were properly served (Docs. 7-9) but failed to answer or otherwise participate in the action. The Court granted default judgment against all Defendants in the amount of $11,634.00 and against Defendant Cuper Electric LLC in the amount of $15,246.00 (Doc. 28).

## ATTORNEYS' FEES

**I. ENTITLEMENT AND ELIGIBILITY TO FEES**

  Plaintiff requests $11,080.50 in attorneys' fees and $881.70 in costs in accordance with Federal Rule of Civil Procedure 54, Local Rule of Civil Procedure 54.2, and 29 U.S.C. § 216(b)—the FLSA's fee-shifting provision that "provides for attorney fees and

costs to a successful plaintiff." *Haworth v. State of Nev.*, 56 F.3d 1048, 1050 n.1 (9th Cir. 1995). The Court finds Plaintiff is eligible for, and entitled to, attorneys' fees.

The FLSA requires courts to award reasonable attorneys' fees to successful plaintiffs. 29 U.S.C. § 216(b); *see also Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) ("[The statute] provides that an award of attorney's fee 'shall' be made to the successful plaintiff. The award of an attorney's fee is mandatory."). As the prevailing party in the present FLSA action, (Doc. 16), Plaintiff is entitled to attorneys' fees.

Plaintiff argues he is entitled to attorney fees incurred in preparing the Motion for Attorneys' Fees and Costs. Mot. at 4. Local Rule of Civil Procedure 54.2(c)(2) requires a plaintiff claiming "entitlement to fees for preparing the motion and memorandum for award of attorneys' fees" and costs "must cite the applicable legal authority supporting" the request. Plaintiff cites *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019), as support for the proposition that a "party that is entitled to an award of attorneys' fees is also entitled to compensation for time expended on an application for attorneys' fees." Mot. at 4. The Ninth Circuit has noted "federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985). And, more specifically, courts have awarded fees incurred in preparing fees motions in other FLSA cases within the District of Arizona. *See, e.g., Gary v. Carbon Cycle Arizona*, 398 F. Supp. 3d 468.

The Court finds Plaintiff is entitled to recover fees, including those incurred in preparing the present Motion.

**II.   REASONABLENESS OF REQUESTED AWARD**

While the FLSA mandates an award of attorneys' fees to a successful plaintiff, 29 U.S.C. § 216(b), "the amount of the award is within the discretion of the court," *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Courts

- 2 -

calculate the lodestar figure by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[1] The lodestar calculation normally subsumes some of these factors such that the Court need not consider them again after determining the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

**A. Hourly Rates**

The first question is whether Plaintiff's asserted rate is reasonable. "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. 19-00180, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff's counsel, Clifford P. Bendau II, is a managing attorney at Bendau & Bendau PLLC with approximately 12 years' experience as a litigator focusing exclusively

---

[1] Local Rule 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

- 3 -

on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA. Mot. at 11. Plaintiff asserts a $445 billing rate for Mr. Bendau. *Id.* at 4. Plaintiff supports his proffered rate with an affidavit from Mr. Bendau outlining his experience and stating the $445 rate is reasonable, (Doc. 32-6) and a collection of rate determinations regarding Mr. Bendau in other FLSA cases. (Doc. 32-2, 3, 4, 7, 8).

In his affidavit, Mr. Bendau claims he has practiced law for over ten years and has litigated more than 600 employment-related lawsuits in that time. (Doc. 32-6 at 3). In a 2023 FLSA case within the District of Arizona, the court approved Mr. Bendau's $445 per hour rate as reasonable. *Ekstrand v. Tru Realty LLC*, No. 23-cv-1416, Doc. 17 (D. Ariz. Oct. 20, 2023). This Court recently followed suit, holding Mr. Bendau's $445 rate reasonable. *Aguirre v. Custom Image Pros LLC*, No. 23-cv-0419, Doc. 20 (D. Ariz. May 15, 2024). According to Mr. Bendau, his $445 rate is commensurate with his experience level and is "well within the standard hourly rates charged by other law firms in the Phoenix" area. (Doc. 32-6 at 4).

The Court finds the prevailing rates for FLSA cases in the District of Arizona and Mr. Bendau's experience support the requested hourly rate. The Court finds the $445 hourly rate reasonable.

**B. Hours Expended**

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Courts may "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations removed); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

Plaintiff submits a log of time Mr. Bendau expended on the present case (Doc. 32-5). The activity log states Mr. Bendau expended 24.9 hours in total. *Id*. Having carefully considered the time and labor reasonably required for each task on Plaintiff's activity log, the Court finds that each of the entries are reasonable.

### C. Lodestar Figure and Adjustment

Having found Plaintiff's submitted rate and hours reasonable, the Court determines the lodestar figure is $11,080.50 (24.9 hours at a rate of $445).

Despite a "strong assumption that the 'lodestar' method represents a reasonable fee," *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, at *7 (D. Ariz. June 13, 2023), the Court "has discretion to adjust the lodestar upward or downward" based on the *Kerr* factors not subsumed in the lodestar calculation, *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Courts must assess these factors and must articulate "with sufficient clarity the manner in which it makes its determination." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014). The above lodestar analysis subsumes several of these factors, including the time and labor required by counsel, skill required to perform the legal service properly, customary fees in similar matters, and the experience and reputation of counsel. The Court considers the remaining factors here and finds none justify adjusting the lodestar figure.

#### 1. Preclusion of Other Employment

Plaintiff avers Plaintiff's counsel "was not significantly precluded from other work because of this representation." Mot. at 8. The Court finds this factor is neutral.

#### 2. Nature of Fee Arrangement

Plaintiff asserts he retained counsel on a contingency fee. Mot. at 9. The Court finds this factor supports awarding the full lodestar amount.

#### 3. Time Limitations

Plaintiff submits there were no time limitations imposed in this case. Mot. at 11. This factor is neutral.

/ / /

### 4. Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983). Plaintiff submits counsel "has obtained excellent results" because he recovered "well in excess of the total amount in unpaid wages that Defendants owed him." Mot. at 11. This factor weighs in favor of awarding the full lodestar amount.

### 5. Novelty and Difficulty of the Claims

Plaintiff submits the case involved a "straightforward claim that comes reasonably often before this Court." Mot. at 8. This factor is neutral.

### 6. Undesirability of the Case

Plaintiff argues this case was generally undesirable because it involved low damages, a "speculative amount of available fees," and the risk of taking on a matter and expending costs without guarantee of recovery. Mot. at 12. While the Court agrees that this factor supports Plaintiff's award of fees, the Court finds this factor does not justify an adjustment to the lodestar amount.

### 7. Nature of the Attorney-Client Relationship

Mr. Bendau has never represented Plaintiff before this case. Mot at 12. This factor is neutral.

### 8. Awards in Similar Cases

Finally, the Court considers awards in similar cases. Plaintiff refers to the cases cited for the reasonableness of Mr. Bendau's hourly fee to demonstrate awards in similar cases. Mot. at 13. In *Ekstrand v. Tru Realty LLC*, a court awarded an FLSA plaintiff $9,167.00 in attorneys' fees after default judgment based on a $445 hourly rate. No. 23-cv-1416, Dkt. 17 (D. Ariz. Oct. 20, 2023). The Court finds this case is sufficiently similar to the present case to weigh in favor of awarding the full lodestar amount.

### 9. Final Lodestar Adjustment

After consideration, The Court determines the *Kerr* factors do not justify an adjustment to the lodestar amount.

### D. Conclusion

The Court finds Mr. Bendau's $445 hourly rate and 24.9 hours spent on the case to be reasonable, yielding a lodestar amount of $11,080.50. No adjustment to the lodestar amount is necessary. Thus, the Court will award attorneys' fees in the amount of **$11,080.50**.

## COSTS

In addition to attorneys' fees, Plaintiff requests $881.70 in out-of-pocket costs, Mot. at 6, detailed in a separate bill of costs (Doc. 33). Reasonable out-of-pocket expenses are awardable as "costs of the action" under the FLSA. *See Van Dyke v. BTS Container Serv., Inc.*, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009). The Court finds Plaintiff's requested out-of-pocket costs—consisting of the complaint filing fee and service costs—reasonable and will award Plaintiff **$881.70** in costs.

Plaintiff also requests an additional $7,452.05 for anticipated collection efforts. Mot. at 14. In support of this request, Plaintiff states "Plaintiff's counsel has generally engaged" an outside law firm "to assist them and their clients in efforts to collect" on judgments. Mot. at 16. Plaintiff attaches the agreement between Plaintiff's counsel and the outside law firm, under which Plaintiff's counsel pays a $650 retainer and an ultimate "25% contingency fee on all amounts recovered." *Id*.

The Court recognizes Plaintiff may well need to pay the $650 retainer and 25% of the recovery for collection efforts, but these fees and costs are not ripe to recover *before* Plaintiff incurs them. *See Mumphrey v. Good Neighbor Community Services LLC*, No. 23-cv-00923, 2023 WL 8702103, at *5 (D. Ariz. Dec. 15, 2023); *Stamper v. Freebird Logistics Inc.*, No. 22-cv-00155, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022); *Akula v. Airbee Wireless, Inc.*, No. 08-cv-00421, 2009 WL 122795, at *2 (E.D. Va. Jan. 14, 2009) (denying advance collection fees where "the necessity and amount of future attorney's fees requested by Plaintiff are too speculative at this point in the collection process"). Any award of collection costs before Plaintiff incurs them is necessarily speculative. Judge Lanza recently concluded not-yet-incurred collections costs are not "speculative" because

plaintiff's counsel had entered into an agreement that promised 25% of the recovery to another law firm in return for that firm engaging in collection efforts. *See Alvarez v. Talaveras Renovations LLC*, No. 23-cv-02654, 2024 WL 1195462, at *1–2 (D. Ariz. Mar. 20, 2024). But costs that Plaintiff has not yet incurred, and may never incur, still qualify as "speculative." For example, if Defendants learn of the judgment before Plaintiff's counsel engages the other law firm and Defendants immediately remit payment, Plaintiff's counsel will never incur the additional 25%. But perhaps more importantly, the very nature of awarding collections costs on the front end is improper. A court can only award "reasonable" costs and fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall . . . allow a *reasonable* attorney's fee to be paid by the defendant.") (emphasis added). Until fees are incurred, the Court has no way to determine if they were reasonable. Using another example, a judgment of $20,000 would rise to $25,000 under Plaintiff's approach. The other law firm might engage in collection efforts consisting of a single letter. If the defendants then pay the entire judgment, a letter will have cost $5,000, a patently unreasonable amount. In the end, courts routinely award collections costs after they are incurred. That is the wiser approach.

The Court finds an advance award of $7,452.05 in anticipated collection costs unreasonable. Plaintiff is free to seek collection costs or additional attorneys' fees once Plaintiff actually incurs them.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 32) is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff $11,080.50 in attorneys' fees and $881.70 in costs.

Dated this 13th day of November, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge